DEMETRIO MORALES, Plaintiff and Appellant, *v.* SAVING AND LOAN FUND ASSOCIATION OF THE EMPLOYEES OF THE INSULAR GOVERNMENT OF PUERTO RICO, ETC., Respondent and Appellee.

No. 6027. Argued December 13, 1933.—Decided January 19, 1934.

*Guerra Mondragón & Soldevila* for appellant. *B. Horton, Attorney General,* and *F. Janer, Deputy Attorney General,* for appellee.

Mr. Justice Córdova Dávila delivered the opinion of the court.

Demetrio Morales, a mechanic and chauffeur of the Government of Puerto Rico during fourteen years, applied for a writ of mandamus to compel the respondent association and its president to take action on the application of the petitioner for the purpose of a declaration of his permanent physical disability and the payment of the full amount of the insurance claimed to be due him, and also to compel the president to notify accordingly all heads of offices and departments of the Insular Government of Puerto Rico with regard to the deductions to be made from salaries of employees under them on account of the disability of the petitioner.

On June 18, 1930, while the petitioner was an employee of the government and a member of the respondent association, he addressed to the president thereof a sworn application requesting that, due to his permanent physical disability which prevented him from performing the duties of his office, the insurance provided for by Act No. 52 of 1921 (Session Laws, p. 374) of the Legislature of Puerto Rico, as amended, be granted and paid to him.

In considering the application, the respondent association had before it a medical certificate issued by Dr. Reyes at the request of the petitioner and separate certificates issued by Dr. Abel de Juan and Dr. E. García Cabrera at the request of the respondent association. The association asked the Commissioner of Health of Puerto Rico to appoint a doctor from his department to make a physical examination of the petitioner and Dr. De Juan was designated to perform the examination.

Dr. Reyes stated in his certificate that the petitioner had been suffering from chronic arthritis of the left knee for two years, for which reason he had advised the petitioner to undergo a prolonged treatment and to take a complete rest, or, if possible, to leave his job because excessive moving tended to aggravate his condition, as he had become com-

pletely and permanently disabled to perform his duties. Dr. Reyes also issued another certificate on a printed form used for cases of this nature and furnished by the association. To the question whether the applicant was partially or totally and permanently disabled to discharge his duties, Dr. Reyes gave an affirmative answer.

Answering the same question, Dr. De Juan stated that the petitioner was totally and permanently incapacitated to discharge his duties as chauffeur, and added that the applicant had been suffering from chronic arthritis of the left knee for over two years and this had rendered him totally incapable of discharging his duties as chauffeur, his present condition becoming worse on account of the use of his left leg in driving cars.

After the medical reports of Dr. Reyes and Dr. De Juan were issued, the respondent association submitted the petitioner, with his consent, to another physical examination by Dr. E. García Cabrera, who made the following report:

"The subscribing physician does hereby certify: That he has made a complete physical examination of Demetrio Morales as well as the necessary laboratory and X-ray examinations in order to diagnose the case of Mr. Morales; that the examinations of Mr. Demetrio Morales show a neuralgic condition of the joint of the left knee, as well as the nerves of the leg on that same side; that the X-ray examination shows no anatomic lesion of this joint; however, its movement is greatly limited due to its painful condition. He further certifies: That Mr. Demetrio Morales shows an arterial hypertension as a result of cardiovascular syphilis of which he is suffering, said condition having caused a mild nefritis of a mixed type. Likewise, he certifies that: At the present time Mr. Demetrio Morales is suffering from a luetic infection that has affected his cardiovascular and nervous systems permanently, and without doubt, the pathological condition of his left leg, with the occupation of the patient as an immediate cause, has brought about his total inability to perform his work until the specific cause thereof is duly treated and completely cured."

With this evidence before it, the respondent association denied the application of the petitioner and refused a recon-

sideration of its decision, requested by him. After the case was submitted to the District Court of San Juan, and after the record of the proceedings had before the respondent association was introduced in evidence, judgment was rendered denying the petition in mandamus. The petitioner urges that the lower court committed three errors, which may be condensed into one. It is maintained that the court *a quo* erred and abused its discretion in holding that it can not be asserted, nor do the medical reports categorically show, that the petitioner was permanently disabled to discharge his duties as chauffeur, when in fact the permanent disability of the petitioner was proven.

We copy below the holding of this Supreme Court in the case of *Muñoz* v. *Ramos,* 39 P.R.R. 366, 369, with respect to the review or regulation of the judicial discretion in cases of this character:

"Stereotyped formulas lead along the path of least resistance, The general rule that judicial discretion is not subject to review or control by mandamus, like most general rules, is not without exceptions. Frequently the question is whether or not the law intended the action of an inferior court or board to be final. Especially is this true where the determination of some questions calling for the exercise of judgment and discretion becomes necessary as a prelminary step to the performance of a ministerial duty. The truth is that superior courts, while exercising their own sound discretion in the use of this flexible writ, do review and control to some extent the discretion of inferior boards and tribunals, even 'where the duty is such as necessarily requires the examination of evidence and the decision of questions of law and fact' (38 C. J. 598, par. 73), if this question be not complicated but simple and free from reasonable doubt, and if the determination thereof by the inferior board or tribunal is not intended to be final. Every border case must stand or fall on its own bottom.

"*       *       *       *       *       *       *

"It is perhaps superfluous to add that, after a trial upon the merits, the court below should not disturb the finding of the board and of the president in the absence of manifest error in the weighing of the evidence submitted in support of the claim."

According to the statements of Dr. Reyes and Dr. De Juan, the petitioner is permanently incapacitated to discharge the duties of his office. Dr. García Cabrera, who made an extended and careful examination of the patient, as may be inferred from his certificate, states, among other things, that without doubt, the pathological condition of the left leg of the patient, with his occupation as an immediate cause, has brought about his total disability to perform his work until the specific cause thereof is duly treated and completely cured. Dr. García Cabrera does not state at any time that the disability of the petitioner to perform his work is permanent. The doctor only states that the pathological condition causes a complete disability until it is duly treated. From the statement of Dr. García Cabrera it is inferred that the specific cause of the disability may be cured if duly treated. It is not to be supposed that a medical expert would give such an opinion without believing that the patient will be cured once he is submitted to the treatment recommended by science. A more ample and clearer proof than the one submitted to the respondent association would have been desirable. We would have liked to ascertain from Dr. García Cabrera's own testimony the probabilities or possibilities of a cure and the nature of the treatment to which the petitioner should submit himself. However, this was all the evidence that the respondent association had before it and all the evidence introduced in the lower court. A reading of the evidence adduced gives rise to doubts and uncertainties in one's mind as to the character of the disability of the petitioner to perform his work, and does not justify the issuance of a writ of mandamus, since it is not possible, in view of this evidence, to hold that the respondent association manifestly erred in weighing the evidence introduced in support of the claim.

The judgment appealed from must be affirmed.